HERNAIZ, TARGA & Co., PLAINTIFFS AND APPELLANTS, *v.* TREASURER OF PORTO RICO, DEFENDANT AND APPELLEE.

APPEAL from the First District Court of San Juan in Mandamus Proceedings.

No. 2925.—Decided January 21, 1924.

TAXES— MANDAMUS— PERSONALITY— ASSESSMENT— PAYMENT UNDER PROTEST— DISCRETION OF TREASURER.—Mandamus to compel the Treasurer to reassess personal property. *Held:* That an assessment of a previous year may be used as a basis for the taxation of a subsequent year, either for realty or personality, and after the assessment roll is filled out the taxpayer may first have recourse to the administrative, measures open to him, if any, and then pay the taxes under protest. While the Treasurer has discretion to revise the assessment, his refusal to exercise this discretion is not a failure to perform a ministerial act for which a review by mandamus may lie.

The facts are stated in the opinion.

*Mr. J. Ortiz Alibrán* for the appellants.

*The Attorney General* and *Mr. Carlos Llauger* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The petitioner, subsequently appellant, is a mercantile firm and sought to compel the Treasurer of Porto Rico by mandamus to make a re-assessment of the stock in trade of said firm. The principal contention of appellant is, we take it, that there is no valid existing assessment of the said personal property, inasmuch as no assessment was made

of said property within the time fixed by law; that there was no assessment since the last payment of taxes on said property; that previous assessments are unavailing where the object of the assessment and taxation is personal property. . Subsidiarily the appellant maintains, as we understand it also, that it has a right to ask a re-assessment after the assessment has been fixed for any one year; that the Treasurer should be compelled to make a re-assessment where a lack of power resulting in a real prejudice is alleged.

To the main contention the respondent maintains in effect that any right to demand an assessment or re-assessment expires on the 15th of January of each and every year, when the tax rolls are made up, and hence that as the application for a re-assessment was, not made until April, 1923, the time of the petitioner had expired. The appellee concedes that the Treasurer has a discretion to revise his lists after January 15th but insists that his action cannot be compelled. Respondent also insists upon the remedies given by the statutes of Porto Rico.

At the hearing we were impressed with the justice of petitioner's request for a revision, but a careful reading of the statutes of Porto Rico convinces us that an assessment of a previous year may be used as a basis for the taxation of a subsequent year, either for realty or personalty. No attack has been made on the constitutionality of these statutes. Even if there had been such an attack and we doubted the constitutionality of the provisions in question, we should still feel bound to hold that after the assessment roll is filled out the petitioner may first have recourse to the administrative measures open to him, if any, and then pay under protest. In *Ríos* v. *Richardson,* 24 P. R. R. 513, where while there was a dissent the whole court was agreed that there should be a payment under protest. *Alonso Riera & Co. et al* v. *Benedicto, ante,* page 98, is to the same effect. We shall refer to these decisions again in *Freiría & Co.* v. *Treasurer of Porto Rico, ante,* page 604, which

we have considered jointly with this case. The sections of the Political Code to be considered are as follows:

"Sec. 294.—So much of the property of any manufacturer, merchant or tradesman as may consist of stocks of material or merchandise shall be listed separately and assessed upon its average market value during the year next preceding the time of assessment; and the assessor may in assessing such stocks require of such manufacturer, merchant or tradesman to produce the last inventory thereof, and if in the judgment of the assessor the same is not correct, or if such time has elapsed since the inventory was taken that it shall have ceased to be reliable as to the value thereof, and such merchant or tradesman should not produce a new inventory within ten days thereafter, or if the assessor does not consider the last inventory to be reliable, then the assessor shall appraise the said stock by personal examination.

"Sec. 295.—That the assessment of property, as the same appears on the tax-roll last prepared, shall, after it has been corrected, amended and revised, as herein provided for, constitute the assessment roll for the next fiscal year. That as soon after January fifteenth of each year as is possible it shall be the duty of the assessor of each assessment district to fill out an assessment schedule showing in detail each separate piece of real property and improvements thereon, and in as great detail as is practicable all personal property subject to taxation within the same municipality belonging on January fifteenth to each taxable person whose property has not been previously assessed or whose property, in the opinion of the assessor, should be revalued or reassessed for purposes of taxation, or the revaluation of which has been requested by the owner thereof or by the municipal authorities of the municipal district in which said property is located, or by any citizen of Porto Rico. Where the same person owns taxable property in more than one municipality, separate schedules shall be made out for each municipality. The assessor may deliver such blank schedule or schedules, to which may be attached such interrogatories as he deems necessary in order to secure discovery of taxable property and its value, to any taxable person in his district, or to any adult member of his household or business establishment, and require said taxable person to issue and make the proper receipt for such schedule and return the same to him, properly filled out, within a period not to exceed ten days, and it shall be the duty of said taxable person to

make upon said schedule or schedules a complete return and full valuation of all the real and personal property owned, held or possessed by him and liable to taxation, and return the same to said assessor within the period of time hereinbefore appointed. Every partnership, concern, trustee, administrator, guardian, agent, and every person having any manner of title, either legal or equitable, or having possession of, holding or claiming in any manner, anything required to be returned in said form or schedule shall be held subject to the provisions of this title and shall be required to make return upon said schedule as herein provided. Whenever property is owned, held, or possessed by more than one person as administrator, executor, trustee, or in any other fiduciary or representative capacity, any one of them may make the oath required by section 300 of this Title, and every schedule of copartnership property shall be sworn to by, at least, one member of the copartnership. The assessor, however, shall not be bound in any manner by the list of property or the value placed thereon as thus returned by a taxpayer, but shall proceed upon the information thereby obtained, and such other information as he may be able to obtain, to assess the property, at its actual value, without looking to a forced sale, according to his best information and belief.''

''Sec. 297.—That all personal property within or without Porto Rico shall be assessed to the owner thereof in the municipality in which he resides on the fifteenth day of January, except that such personal property as goods, wares, merchandise, and other stock-in-trade; machinery employed in any branch of manufacturing or business, including machines leased or operated under a stipulation providing for the payment of a royalty; horses and other livestock, and all other personal property having a permanent location within a municipality shall be assessed to the owner in the municipality in which it is thus situated; and that shares of banks doing business in Porto Rico shall be assessed to their owners in the municipality where the banks are situated, as hereinafter provided.''

''Sec. 302.—That it shall be the duty of each assessor when he makes any change in the existing assessment of the property of any taxpayer, or whenever he assesses the property of a taxpayer not previously assessed, or whenever he makes any change in the list and assessment of property as returned by a taxpayer where such taxpayer has been called upon to fill in his schedule showing his property subject to taxation, to make out a written or printed notice of such action, which he shall serve upon said taxpayer by leaving a

copy thereof with said  taxpayer, or any member of his family or
attendant of legal age, or with the person in charge of said prop-
erty, or, if it is not possible to make service in such way, by trans-
mitting such copy by registered mail delivery to such owner or person
in charge of the property, and unless said person, or an authorized
agent of said person, shall appeal from such assessment to the per-
manent board of review and equalization, as hereinafter provided,
such assessment shall be final and binding.''

We agree with the respondent that under section 295,
especially in its English version, the ''tax roll last pre-
pared'' is the nominal or prima facie basis for the assess-
ment of the following year.  No distinction is made between
real and personal property, but the section contemplates
them together.  A certain discretion is left to the collector
as to whether it is necessary to re-assess or not, but whether
this discretion is wide or limited, the scheme of the whole
section makes the point of departure the assessment of the
previous year.  Then the date of January 15th is fixed by
section 297 in the case of personal property, if not so sharply
by section 295.

On this day personal property of every individual for
the ensuing year is to be assessed.  Mercantile firms and
others in Porto Rico are bound to know that the assessor
may or will resort to the assessment of the previous year .
unless they ask for a change or a revision before January
15th.  Section 295 itself appears to presuppose a petition for
re-assessment when it says, ''or the revaluation of which
has been requested by the owner.''  This clause comes di-
rectly after another making imperative an assessment on
property not previously assessed, etc.

Appellant cites us to Cooley on Taxation, volume 1, 3rd
edition, p. 601, to the effect that: ''And if when an annual
assessment is required the officer merely copies for one year
the roll for the preceding year the assessment will be
invalid.''  We have examined the text and some of the cases
and we are satisfied that statutes like our own were not

being considered. In Porto Rico an assessment for the previous year is prima facie valid for subsequent assessments and if no revision is asked or made before that date the previous assessment stands.

Under these conditions then the remedy of the. taxpayer is to pay the tax under protest. He may recur to the board of equalization and review at the proper time, but in any event he must pay. While the Treasurer has a discretion to revise the assessment, the refusal to exercise this discretion is not the failure to perform a ministerial act for which a review by mandamus may lie.

Even supposing that the failure to exercise a discretion was reviewable by mandamus, we should still feel that the petitioner should have paid under protest and followed the remedy given by Act No. 17 of 1920 repealing the Act of 1911.

The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.